UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Laura Annette Zollar

          Plaintiff,

v.

Case No.: 1:24−cv−04114

Honorable Sunil R. Harjani

The Partnerships and Unincorporated Associations Identified on Schedule A

          Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, June 13, 2024:

    MINUTE entry before the Honorable Sunil R. Harjani: The Court has reviewed the plaintiff's memorandum on joinder [17] and determines, within its discretion, that plaintiff has failed to satisfy its burden to show that joinder of 167 defendants is proper in this matter under Fed. R. Civ. P. 20(a)(2). See Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (noting that "[plaintiff] bears the burden of demonstrating that joinder is proper"); H−D U.S.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A", 2021 WL 780486, at *2 (N.D. Ill. Mar. 1, 2021) ("The Seventh Circuit has recognized the broad discretion that district courts have in remedying misjoinder, so long as the court's decision avoids unnecessary harm to the parties."). The Court observes that plaintiff's memorandum includes a fair amount of conclusory language about a logical relationship among all defendants but not much, if any, facts to actually support that relationship. Beyond alleging that the 167 defendants are infringing upon plaintiff's copyrights, plaintiff claims only generally that joinder is proper because, inter alia, defendants use aliases to conceal their identifies, "show evidence of market coordination," share "unique identifiers, such as design elements and similarities of the unauthorized products for sale," and the infringing products "bear similar irregularities and indicia of being related to one another" suggesting that they "were manufactured by and come from a common source." (Doc. 17 at 7; Doc. 1, ¶¶ 7, 10, 14, 31). But plaintiff provides only one conclusory example of shared unique identifiers ("item titles [that] are nearly identical or very similar to one another.") (Doc. 17 at 7−8; Doc. 17−1, ¶ 5) and instead the record contains Exhibit 2 to the Declaration of Laura Zollar (which includes 817 pages of screenshots from defendants' listings) without providing the Court with specific additional information from those listings that might in fact support joinder in this matter. See Doc. 14−3, 9; Doc. 15. It is not this Court's job to sift through hundreds of pages of materials to look for a relationship between the defendants. Moreover, "defendants with nearly identical product descriptions may in fact share no ties, with each simply copying the same description from elsewhere." Estee Lauder Cosms. Ltd., et al. v. The Partnerships, et al., No. 20−cv−00845 (N.D. Ill. June 22, 2020) (Lee, J.) (Doc. 40 at 9); see also Estee Lauder, 334 F.R.D. at 188.

Within its discretion, on this record, the Court finds that plaintiff has failed to meet its burden to show that joinder is proper here. See Art Ask Agency v. Individuals, Corporations, Limited Liability Companies, Partnerships & Unincorporated Associations Identified on Schedule "A", 2021 WL 5493226, at *2 (N.D. Ill. Nov. 23, 2021) (holding similar conclusory statements do not support joinder); H–D U.S.A., 2021 WL 780486, at *3 (finding joinder improper where plaintiff failed to allege "any nonconclusory facts to form a basis for a conclusion that the defendants' conduct overlaps enough to warrant joinder"). Accordingly, plaintiff's motion for temporary restraining order [13] is denied without prejudice. Plaintiff's motion for leave to file under seal [11] and motion to exceed page limitation [12] are granted. Plaintiff is granted leave to file an amended complaint with a smaller subset of defendants along with a memorandum explaining specifically why each defendant is properly joined to all of the others by 6/27/2024. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.